(31 App. Div. 627.)

## HIRSCH et al. v. MAYER.

(Supreme Court, Appellate Division, First Department. June 17, 1898.)

INSURANCE—ASSIGNMENT OF POLICY—CONSTRUCTION OF AGREEMENT.

The beneficiary of a policy assigned it to secure a claim against the insured. The creditor also held a bond and mortgage of the beneficiary to

secure such debt. Pending an action to foreclose the mortgage, an agreement was made between the parties to it which recited that, in consideration of the answer being withdrawn, the debt of the insured for which the policy was assigned was to be considered as having "ceased to exist," and that the creditor would reassign the policy to the insured or his representatives on the repayment to him of the premiums paid, or to be paid, since the date of the assignment. It was further stipulated that all the premiums thereafter accruing should be paid, or be caused to be paid, by the insured, or, in default thereof, the creditor might either himself pay the premium, or surrender the policy for the best price obtainable. If, however, the future premiums should all be paid by the insured, but the policy should not be redeemed from the creditor before its maturity; the creditor should be entitled to retain out of the proceeds the sum of premiums already paid by him. The answer was withdrawn, and the mortgage foreclosed. *Held,* that the failure of the insured to comply with the requirement respecting payment of the premiums did not affect the rights of the beneficiary under the agreement, since the creditor, having received the full benefit of the agreement, could not claim that, notwithstanding the recital in the agreement, there had been no settlement or discharge of the claim against the insured.

### The following is the opinion of the court below (BEEKMAN, J.):

"This action was originally brought against the Provident Savings Life Assurance Society of New York, to recover the sum of $5,000, payable under a policy of insurance on the life of one Jacob Hirsch to the plaintiffs' assignor, Jeannette Hirsch, the wife of the insured. David Mayer, having filed a claim with the company for the amount of the insurance, was substituted as defendant in the action by order of the court. The proceeds of the policy have been deposited, subject to the further order of the court, and the action has become one of equitable cognizance, in which the court is asked to award the fund in its custody to the party who may be found entitled to it. The policy in question had been assigned to the defendant Mayer by the beneficiary, Jeannette Hirsch, during the lifetime of Jacob Hirsch, to secure the payment of certain claims which Mayer held against the latter. In addition to this, Mayer held the bond and mortgage of Jeannette Hirsch, which had been placed in his hands for a similar purpose. In an action instituted by him for the foreclosure of this mortgage, Mrs. Hirsch interposed an answer which raised a serious issue that the defendant Mayer was unwilling to have tried. Negotiations were entered into with Mrs. Hirsch, which resulted in an agreement by which she was to withdraw her answer, and in consideration of her so doing Mayer made an agreement in writing with her to the following effect: It recites the assignment of the policy as collateral security for the payment to Mayer or to the David Mayer Brewing Company of certain moneys alleged to have been collected by Hirsch for defendant and said company, and which had not been accounted for by him. It also states that 'restitution and full and complete satisfaction has been made to David Mayer and said David Mayer Brewing Company of said moneys so collected as aforesaid.' It further states that defendant Mayer has, since the date of the assignment, incurred certain expenses for premiums on account of the policy, and is likely to incur additional expense for premiums on the same. The instrument then provides that Mayer will reassign the policy of insurance to Hirsch or his legal representatives 'on the repayment to him, at any time within three months from the first payment of premium paid by said David Mayer after March 1, 1894, of an amount equal to the sum total of all his said payments up to the time of such repayments on account of premiums of said policy so paid out, or to be paid out, by him as aforesaid.' It further contains a stipulation that all the premiums and other charges on the policy thereafter accruing should be paid, or caused to be paid, by Hirsch, and, in default of such payment by him at least ten days before the same should become due, Mayer should have the option of either himself paying the charge or charges or of surrendering the policy for the best price to be obtained therefor. If, however, Hirsch should have regularly paid all the charges on the policy accruing after March 1, 1894, but should not have redeemed the same from Mayer before the policy matured,

then Mayer should be entitled to retain out of the proceeds of the policy an amount equal to the sum total of such payment of premiums as he had then made or might thereafter make, with interest, and that the balance of such proceeds should be paid to Jeannette Hirsch, the wife of said Jacob Hirsch, or to her legal representatives. The arrangement was consummated so far as Mrs. Hirsch was concerned. She withdrew her answer, and the foreclosure suit, being then unopposed, went to judgment, and the property was sold. It is claimed that, because Hirsch did not comply with the requirements respecting the payment of premiums, Mrs. Hirsch had lost the benefit of the agreement and of the bargain that was made. I am unable to agree with this construction. Nothing can be plainer than that it was intended absolutely to discharge the policy from any lien thereon or claim thereto by reason of the indebtedness on the part of Jacob Hirsch, to secure which the policy was originally transferred. The instrument in express terms recites that such indebtedness has ceased to exist, and upon the consummation of the arrangement with Mrs. Hirsch the only interest which Mayer had in the policy was a lien thereon for whatever he had advanced, or might thereafter advance, for the payment of premiums. The balance of the interest was equitably the property of Mrs. Hirsch, and to that extent the policy was held by Mayer as her trustee. Having received the full benefit of the bargain which he made, he cannot now be heard to assert a claim to the policy as against her on the ground that, notwithstanding the recital contained in the paper executed by him, there had been no settlement or discharge of his claim against Jacob Hirsch. The failure of Hirsch to comply with the provisions of the agreement with respect to the payment of premiums did not tend to enlarge Mayer's interest so as to subject the policy anew to the original lien for Hirsch's indebtedness. He is, however, of course, entitled to have paid to him out of the fund all that he has advanced in the payment of premiums, together with interest thereon to the present time. The second and third counterclaims which he sets up cannot be allowed out of the fund in this action, which is brought against Mayer, not for the recovery of a debt due by him, but for the determination of the claims of the parties to a fund realized upon a debt due from the insurance company. The rights of the parties must be determined strictly according to their interests which they may be able to show in and to the policy itself, and neither of these counterclaims constitutes a charge, either legal or equitable, upon the policy or the proceeds of the same. It follows that there must be judgment awarding to the defendant Mayer the amount of the premiums paid by him, with interest, and to the plaintiffs the balance of the fund."

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

B. Lewinson, for appellant.

L. Wertheimer, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of BEEKMAN, J., in the court below.